# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2775 | **DATE** | 3/26/2001 |
| **CASE TITLE** | PRINTING INDUSTRY OF ILL vs. TIMELY PRESS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Discovery ordered closed on 9/28/01; Proposed Rule 26 order to be submitted by 10/16/01; Pretrial conference set for 10/30/01 at 11:30 a.m.; Jury trial set for 11/5/01 at 10:00 a.m. Enter Memorandum Opinion And Order. Plaintiff's Motion to Dismiss Prime's Counterclaim is granted as to Count II of Prime's Counterclaim. Count II of Prime's Counterclaim is dismissed. Plaintiff's Motion to Dismiss Prime's Counterclaim as to Count I and Count III is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 27 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 30 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | |
| | | 01 MAR 26 PM 5:01 | date mailed notice |
| LG | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINTING INDUSTRY OF ILLINOIS )<br>EMPLOYMENT BENEFIT TRUST, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>TIMELY PRESS, an Illinois business, )<br>PRIME SYSTEMS, Inc., a Delaware Corporation, )<br>TPS ENTERPRISES, INC., an Illinois Corporation, )<br>and BUIS ENTIRPRISES d/b/a RPS PRINTING )<br>SERVICES. )<br> )<br>Defendants. ) | No. 00 C 2775<br><br>Judge John W. Darrah<br><br>DOCKETED<br>MAR 2 7 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Printing Industry of Illinois Employment Benefit Trust (PIIEBT), filed suit against defendants alleging violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1145, and breach of contract claims. Defendant Prime Systems, Inc. (Prime) filed a counterclaim alleging a federal common law ERISA claim, Count I; an alternative breach of contract claim, Count II; and a violation of the Illinois Consumer and Deceptive Business Practice Act, Count III. Before this Court is PIIEBT's Motion to Dismiss Prime's counterclaim.

PIIEBT purports to be a self-funded multi-employer welfare benefit trust that is organized and existing under ERISA. PIIEBT pools contributions from all of its participating employers in order to provide group medical expense reimbursement benefits to eligible employees. In December 1995 and January 1996, PIIEBT advertised and offered to Prime certain health insurance products and services. Prime purchased PIIEBT's health insurance products and services. PIIEBT provided

quotes to Prime of the monthly rates it would charge Prime if Prime decided to continue to purchase services from PIIEBT for the calendar years 1997, 1998, and 1999. Each year Prime agreed to pay the monthly premiums quoted by PIIEBT for the services offered. On August 22, 1998, Prime executed a Master Application that obligated it to pay, on a timely basis, to the Trust such contributions, deposits, and charges as may be requested by the trustees of the plan. In November 1999, the trustees passed a resolution assessing an additional contribution of $18,319.25 on participating employers that was invoiced with the regular monthly contribution for December 1999. Prime paid the monthly premium amount for December 1999 but refused to pay the additional contribution assessment. Thereafter, PIIEBT refused to pay claims submitted by Prime's employees for the month of December 1999. Prime paid to its employees the amounts of claims that PIIEBT refused to pay due to Prime's failure to pay the additional contribution.

PIIEBT filed suit seeking the additional contribution assessment. Prime filed a counterclaim alleging that PIIEBT misrepresented that it would offer stable/competitive rates and long-term security and that Prime's monthly premiums would remain constant throughout each calendar year. Prime also alleges PIIEBT suppressed, concealed, and failed to disclose that certain health plans offered by PIIEBT were self-funded and that, due to being self-funded, there was a possibility that PIIEBT would request Prime to pay money in amounts different to that agreed to as a monthly premium. Prime alleges it never agreed to pay money in addition to the monthly rates quoted by PIIEBT and, that had it thought it could be required to pay such money, it would have never agreed to purchase insurance coverage from PIIEBT.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*,

2

48 F.3d 281, 283 (7th Cir 1995). A count should not be dismissed pursuant to Rule 12(b)(6) unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993) (citations omitted).

PIIEBT argues that Count I of Prime's counterclaim must be dismissed because, as an employer, Prime does not have standing to bring an ERISA action. Prime argues that it has standing because its ERISA claim arises under the federal common law of ERISA.

ERISA provides, in part, that "[a] civil action may be brought ... by a participant or beneficiary." 29 U.S.C. 1132(a)(1). Generally, an employer lacks standing to bring suit under ERISA. See *Giardono v. Jones*, 867 F.2d 409, 411 (7th Cir. 1989). The courts have recognized that under certain circumstances the court can develop a federal common law to fill gaps of ERISA left by Congress. See *UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steel Workers of America*, 998 F.2d 509, 512-13 (7th Cir. 1993) (UIU). However, the courts are very reluctant to create ERISA causes of action by implication in addition to those enumerated in the statute. *UIU*, 998 F.2d at 512. Only under limited circumstances may the court develop a federal common law of ERISA. *UIU*, 998 F.2d at 512. The proper inquiry is whether the judicial creation of a right is "necessary to fill in interstices or otherwise effectuate the statutory pattern enacted in the large by Congress." *Plucinski v. I.A.M. National Pension Fund*, 875 F.2d 1052, 1056 (3rd Cir. 1989) (citations omitted). The Seventh Circuit has supplemented ERISA with federal common law restitution claims in limited contexts. See *Construction Industry Retirement Fund of Rockford v. Kasper Trucking, Inc.*, 10 F.3d 465, 467 (7th Cir. 1993) (restitution for mistaken payments); *UIU*, 998 F.2d at 513 (union could seek recovery of unauthorized contributions); see also *Central States*

*Southeast & Southwest Areas Pension Fund v. Howard Baer, Inc.*, 753 F.Supp. 241, 244 (N.D.Ill. 1991) ("A claim for restitution is appropriate in employer refund actions since the employer, in effect, is asking that the plan disgorge unfair gains. Relief under federal common law in the area of employer overpayment is consistent with the ERISA statutory scheme."); *Chicago Steel & Crane, Inc. v. Structural Ironworkers Local No. 1*, 2000 WL 1448660, No. 00 C 1615, (N.D.Ill. May 11, 2000) (employer could bring suit under federal common law of ERISA regarding money not yet paid to the Funds); *Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 494-95 (D.C. Cir. 1998) (insurance company entitled to federal common law unjust enrichment remedy to recover benefits erroneously paid to claimant); *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 844 F.2d 1176, 1186 (3rd Cir. 1991) (federal common law restitution available to employers to recover mistakenly paid pension fund contributions as long as the restitution does not result in underfunding the plan).

Restitionary relief is available when one party has been enriched at another party's expense. See *Harris Trust and Savings Bank v. Provident Life and Accident Ins. Co.*, 57 F.3d 608, 615, (7th Cir. 1995) (*Harris*). To establish a right of restitution, Prime must demonstrate that "(1) it had a reasonable expectation of payment (2) [PIIEBT] should reasonably have expected to pay, or (3) society's reasonable expectations of person and property would be defeated by nonpayment." *Harris*, 57 F.3d at 615.

Prime has met its burden in this case. Prime seeks money damages in the amount that it paid its employees to cover costs of claims denied by PIIEBT for the month of December 1999. PIIEBT should reasonably have expected to pay for benefits of Prime's employees based on their agreement with Prime and 'the interests of society, as reflected in the goals of ERISA and efficient plan administration, would be served by allowance of an equitable remedy.' *Harris*, 57 F.3d at 615-16,

quoting *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 993-94 (4th Cir. 1990).

Plaintiff argues Count II of Prime's counterclaim, breach of contract, should be dismissed for lack of subject matter jurisdiction and because it is preempted by ERISA. Prime concedes that the Court does not have federal question jurisdiction over Count II but argues that the Court has supplemental jurisdiction over the alternative pleading of breach of contract. Prime alleges an alternative pleading for breach of contract is needed because of the fact-intensive inquiry of whether the plans offered by PIIEBT are in fact covered by ERISA. However, if the basis of Prime's alternate pleading is correct, that the plan is not covered by ERISA, then this Court would cease to have subject matter jurisdiction over the suit under ERISA; and Prime's breach of contract claim would not have supplemental jurisdiction because this Court would no longer have original jurisdiction for any matter of the suit.

Furthermore, plaintiff cannot maintain concurrent Federal ERISA and state contract claims. If the plan is covered by ERISA, then the state law claim for breach of contract would be preempted by ERISA. See *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995) (*Rice*) ("complete preemption is required where a state law claim cannot be resolved without an interpretation of the contract governed by [ERISA]"); *Anderson v. Humana, Inc.*, 24 F.3d 889, 891 (7th Cir. 1994) (*Anderson*) ("Section 1444(a) [of ERISA] preempts any claim that relates to a pension or welfare benefit plan."). Prime's breach of contract claim requires an interpretation of the contract governed by ERISA and, as such, mandates preemption of the claim and dismissal of the Count.

Plaintiff also argues that Count III of Prime's counterclaim, violation of the Illinois Consumer Fraud and Deceptive Practices Act (Consumer Fraud Act), fails to satisfy the requirements of supplemental jurisdiction; or, in the alternative, if supplemental jurisdiction does exist, the claim

5

would predominate over PIIEBT's claims that give rise to original jurisdiction, making supplemental jurisdiction unavailable.

Federal courts have supplemental jurisdiction to hear all claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Court exercises supplemental jurisdiction to hear both state and federal claims when the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts. See *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (*Ammerman*). "A loose factual connection between the claims is generally sufficient." *Ammerman*, 54 F.3d at 424.

Count III of Prime's counterclaim alleges, in part, that plaintiff misrepresented that plaintiff would offer 'stable/competitive rates' and 'long-term security' and that Prime's monthly premiums would remain constant throughout each calendar year. Prime also plead an affirmative defense alleging the same misrepresentation. At the minimum, Count III of Prime's counterclaim has a "loose connection" with each parties ERISA claims. Furthermore, the facts needed to prove a violation of the Consumer Fraud Act will not predominate over plaintiff's claim because the same facts will be needed to prove Prime's affirmative defense alleging the same misrepresentations.

Plaintiff next argues that Count III of Prime's counterclaim is preempted by ERISA. As stated above, state law claims are preempted by ERISA if the state law claim relates to a pension or welfare benefit plan. 42 U.S.C. § 1144(a); *Anderson*, 24 F.3d at 891. A law "relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97 (1983). "The common thread running through [preemption] cases is that complete preemption is required where a state law claim cannot

6

be resolved without an interpretation of the contract governed by federal law." *Rice*, 65 F.3d at 644. However, state laws of general applicability may not be preempted just because they have economic effects on pension or welfare plans. See generally, *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 608 (7th Cir. 2000); see also *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 991 (10th Cir. 1999) (*Woodworker's Supply*).

Plaintiff cites to *Anderson* for the proposition that the Seventh Circuit has "clearly and consistently" held that claims brought pursuant to deceptive practice state law are preempted by ERISA because they "relate" to the employee benefit plan. In *Anderson*, an employee brought a Consumer Fraud Act claim against a health maintenance organization (HMO). The Seventh Circuit held that the claim sought to control the information provided to employees in choosing benefits provided by the employer's plan and, as such, was within the preemption clause because, at a minimum, there would be a requirement to change the contents of the plan. *Anderson*, 24 F.3d at 891. *Anderson* does not hold that all state claims brought pursuant to a deceptive practice statute are preempted by ERISA. Clearly, the plaintiff's claim in *Anderson* "related to" the plan because the plaintiff alleged the language of the plan was deceptive and sought to change the language of the plan.

Here, Prime alleges deception in the inducement of purchasing services from the plaintiff and no contract interpretation would be necessary. Other circuits have addressed similar claims and have found that ERISA did not prevent a claim by an employer against an insurance professional for misrepresentations that induced plan participation. See *Woodworker's Supply*, 170 F.3d at 992; *Wilson v. Zoellner*, 114 F.3d 713, 721 (8th Cir. 1997); *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1467 (4th Cir. 1996); *Morstein v. National Ins. Serv. Inc.*, 93 F.3d 715, 723 (11 Cir. 1996); *Perkins*

v. *Time Ins. Co.*, 898 F.2d 470, 473 (5th Cir. 1990). The *Woodworker's Supply* court found that a fraud and unfair trade practice claim was not related to the ERISA plan because the plaintiff was suing the defendant based on the defendant's pre-plan activity, not as the administrator of the plan. *Woodworker's Supply*, 170 F.3d at 991. In addition, the court found that allowing the plaintiff's claim to proceed was consistent with Congress' purpose in enacting ERISA, to protect the interests of employees and other beneficiaries of benefit plans and establish uniform standards regulating such plans, because holding the defendant accountable for pre-plan fraud did not affect the administration or calculation of benefits and did not alter the required duties of the plan's fiduciaries. *Woodworker's Supply*, 170 F.3d at 991-92. Similarly, Prime's Consumer Fraud Act claim alleges misrepresentation and concealment in the inducement of Prime's agreement to purchase plaintiff's services. The wrongful actions alleged by Prime occurred prior to the plan, and the allegations concerning the inducement of purchasing the services from plaintiff do not require an analysis of the plan as it relates to the recovery of benefits, determination of future benefits, or enforcement of rights under the plan that would require preemption. See *Rice*, 65 F.3d at 644; *Woodworker's Supply*, 170 F.3d at 991-92.

Plaintiff's Motion to Dismiss Prime's Counterclaim is granted as to Count II of Prime's Counterclaim. Count II of Prime's Counterclaim is dismissed. Plaintiff's Motion to Dismiss Prime's Counterclaim as to Count I and Count III is denied.

Dated: 3/26/03

JOHN W. DARRAH
United States District Judge

8